CHARLES P. WARNER, Respondent, *v.* THE PENNSYL-
VANIA RAILROAD COMPANY, Appellant.

*Removal of cause into United States courts — chap.* 137 *of* 1875 (*United States statutes*).

Under the provisions of the act of Congress (chap. 137 of 1875) providing for the
removal of causes into the United States courts, "before or at the term at which
said cause could be first tried, and before the trial thereof," it is too late to make
such application after the cause has been noticed for trial, and placed upon the
calendar of the court at a term at which it could be tried, even though it may
not have been reached, and even if the trial thereof has been stayed by order,
pending the execution and return of a commission.

*Semble*, that, under the aforesaid act, it is not necessary that either of the parties
should be a citizen of this State to render the cause a proper one for removal.

Appeal from an order denying a motion made for the removal
of this cause into the Circuit Court of the United States.

*Charles F. Sanford*, for the appellant.

*D. McMahon*, for the respondent.

Daniels, J. :

The application for the removal of the cause was made under
chapter 137 of the Laws of the United States, enacted in 1875,
which made important changes in the practice previously existing
on this subject. The act was not an amendment of the preceding
law, but a new enactment, repealing all others inconsistent with the
provisions made. And by its terms, a positive right has been given
to each party to an action, when they are citizens of different States
and the matter in dispute exceeds $500, to apply for and secure its
removal into the Circuit Court of the United States for the proper
district, without any other restrictions as to time or the condition
of the action than that the application must be made " before or at
the term at which said cause could be first tried, and before the
trial thereof." (Laws of Forty-third Congress, 470, 471, §§ 2, 3.)
The affidavit used to oppose the application was exceedingly defect-
ive in its description of the condition of the action, previous to the
service of the petition for its removal. It merely showed that after
receiving an admission of service of the summons, with notice of ap-

pearance and demand of a copy of the complaint from the defendant's attorneys, issues were joined and the cause put upon the calendar of the Circuit for trial. The statement in the petition is more definite in this respect. That stated that the suit "could not have hitherto been tried at any term of this court for the reason, that the same has never yet been reached in its order on the trial calendar, and for the further reason, that the trial thereof has been stayed by order pending the execution and return of a commission." This very clearly supports the inference that the action had been noticed for trial, and placed upon the calendar after the act took effect and before the petition was made or presented; and when that was done it was the calendar of the Circuit which was evidently referred to, because, regularly, as an action at law at issue on a question of fact, it could go no where else. That was, consequently, a term at which the cause could be tried, which is all the law requires to terminate the right to apply for a removal of the action. The circumstances mentioned in the petition, that it could not be tried because it had not been reached in its order, and an order had been made staying the trial until a commission should be returned, do not change the condition of the case. The term on whose calendar the cause was placed was, nevertheless, one at which it could have been, even though it was not, called for trial. By an unusual acceleration of the business of the Circuit that is not at all unfrequent, and by a return of the commission during the term, the cause might have been tried. That it was not does not change the construction which should be placed upon the language of the statute. It went into effect early in March, 1875, and the petition was neither presented nor filed before the twelfth of the following month of May. In the regular course of business the action could have been noticed for trial for the April Circuit, and that court could have tried the case. The fact that it did not, will not justify the conclusion that it could not have done it. And the same was true as to the Circuit held in May. It might have been noticed for either or both of these courts, and either was a competent court to try it, and was held long enough after the act of Congress went into effect to afford the parties an opportunity to notice and place the cause upon its calendar, or notice and make the motion for its removal.

The statute not only requires that the application shall be made before or at the court in which the cause could be tried, but it in terms restricts the right to make it to the first of such courts; and as this cause was pending, and from the petition and affidavits may be inferred to have been at issue, when the act of Congress went into effect, the court ·first afterward held, for which it could have been noticed and at which it could have been tried, was the latest court at which the application for its removal into the Circuit Court of the United States could properly be made.   Any other construction than that requiring the application to be made before or at the first court having authority to try the cause after issue has been joined, or in cases pending and at issue when the law went into effect, at the first court afterward held for which it could be noticed, would allow the applicant to delay it until all the preparation of his adversary had been made for trial, and the trial itself should be about to be commenced, and in that manner subject him to a compulsory postponement, which might involve him in the inability to afterward establish a meritorious cause of action or defense.   And even when that should not be the result, a degree of loss and embarrassment would be occasioned which it could not have been the intention of Congress should be permitted, and which no just construction of the terms used in the law would justify courts in imposing upon either party.

The proceeding is entirely statutory, and the party claiming its benefit should be required to present a case within the reasonable import of the terms of the law, to entitle him to an order for the removal of the cause.   He should show by the papers presented in his behalf that the application is made in time.   If he does not the case cannot be seen to be within the statute and the necessary consequence will be, that the application must be denied.   That was not done in this instance.   The petition of the defendant did not show that the court which was applied to for the order was held before the first court at which the action could have been tried after the act of Congress took effect; and as a· matter of fact it is clear that it was not, because a court was held in April, and another in May, at which the action could have been tried, even though it might not have, in fact, been called for that purpose at either of such terms.

It was claimed that no removal could be directed, because neither party was a citizen of this State. That was required by the law previously in existence, but, under the present act that fact is no longer necessary to render the cause a proper one for removal into the United States Circuit Court. All that is now required in that respect is, that the action shall be a controversy between citizens of different States. It is not, however, necessary now to consider the effect of this or any of the other changes made by the present act, and not involved in the disposition of the present appeal, for the purpose of deciding this case.

It is sufficient that the application was made after the time prescribed by law.

The order should be affirmed with the usual costs.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with costs.